United States District Court
Southern District of Texas
**ENTERED**
April 23, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LAWRENCE WOODSON SHORT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-67 |
| | § | |
| JIM  KALEN, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE**

Plaintiff Lawrence Woodson Short is a Texas inmate appearing *pro se* and *in forma pauperis*.  He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.  For purposes of screening, Plaintiff has stated claims of excessive force against **Officer Martinez and Officer Benavides** in their individual capacities.  Accordingly, it is respectfully recommended that these claims against **Officer Martinez and Officer Benavides** be **RETAINED.** The undersigned will order service on these defendants.

The undersigned further recommends that Plaintiff's claims against all Defendants in their official capacities be **DISMISSED**.  Lastly, the undersigned recommends that Plaintiff's claims against the remaining defendants be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below.

## I.    JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.    PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the Hughes Unit in Gatesville, Texas. Plaintiff's claims in this lawsuit occurred in connection with his previous confinement at the Nueces County Jail.

On February 25, 2019, Plaintiff filed his original complaint against the following Nueces County officials: (1) Jim Kalen, Nueces County Sheriff; (2) Mike McKenzie, Nueces County Chief Jailer; (3) Officer Martinez; (4) Officer Benavides; and (5) Sergeant Martinez. Plaintiff primarily alleges that he was subjected to the excessive use of force by officers at the Nueces County Jail. Plaintiff seeks monetary relief.

A *Spears*[1] hearing was conducted on March 29, 2019. The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1): Plaintiff is 43 years old. He is 5'11" and weighs 206 pounds. Plaintiff was taken into custody at the Nueces County Jail on December 26, 2017 on the charge of evading arrest with a motor vehicle. He was subsequently convicted of this charge and sentenced on March 12, 2018 to five years in prison.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

On or about June 3, 2018, Plaintiff was seen at the jail's medical department with regard to cardiac issues. Plaintiff alleges that after he returned to his cell, Officer Martinez acted aggressively toward Plaintiff without provocation by grabbing Plaintiff's arm. Plaintiff questioned Officer Martinez about this aggressive action. According to Plaintiff, Officer Martinez responded by body slamming Plaintiff to the floor and placing both his knees in Plaintiff's back. Plaintiff further alleges Officer Benavides arrived at the scene and also placed his knees in Plaintiff's back. The use of force by these officers caused Plaintiff to suffer two broken ribs.

Sergeant Martinez[2] witnessed the incident, stopped the use of force, and brought Plaintiff immediately to the medical department. The nurse on duty took Plaintiff's blood pressure and reported it was low. However, the nurse informed Plaintiff that the medical department was too busy to further examine or treat Plaintiff. Sergeant Martinez placed Plaintiff in a holding cell, where Plaintiff communicated to him that he was in pain. Plaintiff alleges Sergeant Martinez could not do anything for Plaintiff because Sergeant Martinez was not assigned to the medical department.

Plaintiff was transferred into TDCJ custody the day after the incident, on June 4, 2018. Plaintiff spent about a month at the Garza West Unit in Beeville, Texas. On June 20, 2018, while housed at the Garza West Unit, Plaintiff's rib injuries were examined. Plaintiff has attached a medical report to his complaint, dated June 20, 2018, showing fractures in two ribs. (D.E. 1, p. 6). Plaintiff testified he was not involved in other

---

[2] Plaintiff clarified at the *Spears* hearing that it was never his intention to sue Sergeant Martinez. Accordingly, in a separate order, the undersigned will dismiss this defendant without prejudice.

altercations and did not suffer any other injury between June 3, 2018 and June 20, 2018. Thus, Plaintiff alleges Officers Martinez and Benavides caused Plaintiff to suffer two broken ribs when they assaulted him on June 3, 2018. Even though Plaintiff waited a couple of weeks to be seen at the Garza West Unit, he clarified that he does not seek to sue any TDCJ official with respect to his medical care.[3]

Plaintiff sues Sheriff Kalen and Chief Jailer McKenzie as having supervisory responsibility over Officers Martinez and Benavides. Plaintiff believes these defendants are responsible for the conduct of their subordinate officers.

## III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir.

---

[3] Plaintiff likewise does not sue any individual from the Nueces County Jail who works in its medical department or who otherwise is charged with providing medical assistance to inmates at the jail.

1998).   A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).  "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.  Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable.  *Id*.; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation.  *Twombly*, 550 U.S. at 555.  As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed.  *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).  A defendant acts under color

of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV. DISCUSSION

### A. Official Capacity Claims

Suits against individuals in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Goodman v. Harris County,* 571 F.3d 388, 395 (5th Cir. 2009) (internal quotations and citation omitted). Thus, to the extent Plaintiff seeks to sue Defendants in their official capacities, it is effectively a suit against the officials' office, Nueces County. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989).

Even if the Court were to substitute Nueces County on behalf of Defendants in their official capacities, Plaintiff would not be able to state a § 1983 claim against Nueces County. A municipality is liable for the constitutional violations of its employees only if the alleged constitutional deprivations resulted from municipal policy. *Monell v. Dep't of Social Services,* 436 U.S. 658, 694 (1978). *See also Zarnow v. City of Wichita Falls, Texas,* 614 F.3d 161, 166 (5th Cir. 2010) (noting that a municipality may not be subject to liability merely for employing a tortfeasor; liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation). Liability of a municipality under § 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving

force" is the policy or custom. *Monell*, 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Plaintiff fails to cite any county policy or practice that resulted in the violation of his constitutional rights. Accordingly, it is respectfully recommended that Plaintiff's claims against Defendants in their official capacities be dismissed.

## B. Supervisory Defendants

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials). A supervisory official may be held liable only if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps,* 659 F.3d 440, 446 (5th Cir. 2011); *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).

Because Sheriff Kalen and Chief Jailer McKenzie have supervisory responsibility over Officers Martinez and Benavides, Plaintiff believes they should be held responsible for the subordinates' conduct. Plaintiff fails to allege any facts, however, to suggest that either Sheriff Kalen or Chief Jailer McKenzie participated in any acts violating Plaintiff's constitutional rights or implemented a policy resulting in a constitutional injury to Plaintiff. Accordingly, it is respectfully recommended that Plaintiff's claims against

Sheriff Kalen and Chief Jailer McKenzie in their supervisory roles be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

### C.    Excessive Force

Plaintiff claims that the Officers Martinez and Benavides used excessive force against him.  Inmates have a constitutional right to be free from the use of excessive force.  *See Anthony v. Martinez,* 185 F. App'x 360, 363 (5th Cir. 2006).  To state an excessive force claim, a plaintiff must show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and that the injury he suffered was more than *de minimis* but not necessarily significant.  *See Hudson v. McMillian*, 503 U.S. 1, 6-7, 10 (1992).  The factors to be considered are: (1) the extent of the injury suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any effort made to temper the severity of a forceful response.  *Gomez v. Chandler*, 163 F.3d 921, 923-24 (5th Cir. 1999).

A prison official's "excessive physical force against a prisoner may constitute cruel and unusual punishment when the inmate does not suffer serious injury."  *Hudson*, 503 U.S. at 4.  In *Wilkins v. Gaddy*, 559 U.S. 34 (2010), the Supreme Court ruled that a district court "erred in dismissing Wilkins' excessive force complaint based on the supposedly *de minimis* nature of his injuries."  *Id.* at 40.  The Supreme Court explained that "the core judicial inquiry [is] not whether a certain quantum of injury was sustained,

but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id.* at 37 (citations omitted).

Plaintiff alleges that: (1) on or about June 3, 2018, when Plaintiff returned to his cell from medical, Officer Martinez acted aggressively toward Plaintiff without provocation by grabbing Plaintiff's arm; (2) Plaintiff asked Officer Martinez about this aggressive action; (3) Officer Martinez responded by body slamming Plaintiff to the floor and placing both his knees in Plaintiff's back; (4) Officer Benavides arrived at the scene and also placed his knees in Plaintiff's back; and (5) the use of force applied by Officers Martinez and Benavides caused Plaintiff to suffer two broken ribs. Taken as true, Plaintiff's allegations suggest that Officers Martinez and Benavides used force maliciously and sadistically and that Plaintiff suffered more than a *de minimis* injury as a result of the use of force. Thus, it is respectfully recommended that Plaintiff's excessive force claims against these officers in their individual capacities be retained.

## V.     RECOMMENDATION

For purposes of § 1915A, Plaintiff has stated sufficient facts that, if true, state excessive force claims against **Officer Martinez and Officer Benavides** in their individual capacities. Accordingly, it is respectfully recommended that these claims be **RETAINED.** The undersigned will order service as to **Officer Martinez and Officer Benavides** by separate order.

The undersigned further respectfully recommends that Plaintiff's claims against all Defendants in their official capacities be **DISMISSED**. Lastly, the undersigned respectfully recommends that Plaintiff's claims against the remaining defendants be

**DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Respectfully submitted this 23rd day of April 2019.

Jason B. Libby
United States Magistrate Judge

<u>**NOTICE TO PARTIES**</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).